Chief Justice Bibb
delivered the Opinion of the Court.
On the 4th March, 1819, this action was commenced, by the service of the declaration and notice on the tenants in ¡possession. The decJaration contained a single demise, for twelve hundred acres of land, from the lessor, Thomas Elliott.
April 26th, 1819, this declaration and notice was produced, and the common order entered.
May 2nd, 1821, the tenants, Bohannon and Tyler, entered into the consent rule, and pleaded not guilty.
June 5th, 1822, the lessor, Elliott, moved to a-spend his declaration, by adding six new demis.es, in ' ' *122 various forms, from Mustin and wife, and the heirs of Elizabeth Buckner, formerly Elizabeth Monroe; and to lay foundation for his application, he exhibited and filed a patent to Joseph Jones, as guardian of John and Charles Lewis, of April 1785, for 3,000 acres; and the will and testament of said Jones, admitted to record on the 13th January, 180G, by which, he devised his estate upon contiiigem y to the children of Esther Tyler and Elizabeth Monroe; and a deed from James Monroe, executor of Jones, to said Elliott; the court gave leave to add those counts, and the defendants excepted, and those exhibits, so read and filed by the plaintiff, were made a part of the bill of exceptions, and enrolled.
Declaration •again amended by adding another demise in the name of a man dead before suit.
Evidence on the trial of title in the dead lessor— —Instructions for non-suit, verdict and exceptions.
October 25, 1823, Elliott filed his affidavit to obtain leave to add an additional demise, from John Jones, guardian of J. T. Lewis and Charles Lewis, and for a continuance, in .this affidavit, he stated, that said Jones was dead; that he derives claim under the' wards of said John Jones, and believes himself equitably, if not legally entitled to a part of the said patent issued to John Jones, by sales and purchases, by and under John and Charles Lewis; and stated that he was advised by counsel, that it was necessary to file a demise from said John Jones. Leave to add this demise was given, to which the defendants also excepted, and made the affidavit a part of his exception, which was also enrolled.
The demise from John Jones was then filed, stating the lease as made on the first of January, 18ÜG, anterior to the probote of his will.
On the trial, the plaintiff gave in evidence, the patent to Joseph Jones, and proved the defendants within it, and endeavored to recover on that, not producing or offering any deduction of title under or from the said Jones. The defendant gave in evidence, the affidavit of Elliott, the lessor of the plaintiff, to prove Jones’ death; and upon his motion, the court instructed the jury, that if they believed that said Jones was dead before the commencement of the ejectment, they ought to find for the defendant, which instruction was given, and the plaintiff excepted as well to the admission of Elliott’s affidavit; as to this instruction to the jury.
There cannot be a recovery-in ejectment on the demise-of a man dead, before service of declaration and notice.
Whore a demise is added-on motion of first lessor, upon his affidavit proving the lessors death years before, the declaration and notice served and the affidavit is enrolled, on defendants exception to the amendment, there can be no error in a judgment on that demise for defendant.
If it appears a lessor was dyad before the suit, his name may be struck out on defendants motion.
*123 After verdict and judgment for the defendants in ejectment, the plaintiff has assigned for error, the points stated in his bill of exceptions, and his counsel has argued, 1st. that although Jones was dead at the service of the declaration and notice; yet as the demise was laid before his death, the plaintiff ought to have been permitted to recover. 2nd. that there was no competent evidence whereon to ground the instruction.
It was argued that the consent rule had admitted the lease irons Jones; and that the defendant ought not to have been permitted to question it. But as to the demise from Joseph Jones, the defendant cannot he precluded from contesting it; he excepted to the addition of that demise, his exception is enrolled, and along with it, the fact shewn by the plaintiff' himself on his motion for leave to add it, that Jones was then dead. Instead of submitting, and consenting to any such demise, the defendant has resisted it and reserved the point by hill of exceptions. So that upon the whole record, as well by the particular exception to the adding of this demise, as by the motion to add the other demises, it clearly appears by the plaintiff’s own shewing, that Joseph Jones was dead, in 1806, about thirteen years before suit; and it appears from the whole record, that the defendants never did consent to confess any lease hut the first, from Thomas Elliott. To every other, they objected and filed their exceptions to the leave to add them.
This court must look to the whole record, and if it appears that the plaintiff has no well founded complaint, the judgment must be affirmed.
As a general rule, it is settled by the decision of May’s heirs vs. Hill, 5 Litt. Rep. 308, that the plaintiff ought not to he permitted (without consent,) to amend his declaration by introducing new lessors. The lease is a fiction, the lessor, is in fact the party plaintiff’s, not John Hoe; by introducing new lessors, new parties are introduced, and consequently a new cause of action.
It is not necessary to the decision of this case, to discuss hut one question: ought the plaintiff to *124 have been permitted to file a demise in the name of a man, wbo, by the plaintiff's own shewing, wat* dead before this suit was commenced?
If a new demise be added by consent, the suit is then first corntaenced as to that lessor and claim.
án additi u> al demise of a, new lessor, cannot be added to the declaration.
*124 In the cases, of Jackson on the demise of Low &c. (1 Caines, 21,) Jackson vs. Ditz, (1 John, cases 392,) and Jackson vs. Bancraft, (3 John. 259,) the court decided, that it was irregular to state a demise from a lessor, who was dead at tlie commencement of the suit; and upon motion of the defendants, grounded on affidavit, tit at some of the lessors stated in tire demises, were dead at the commencement of the suits, their names were ordered to be striken from the demises. Such a motion was granted, os well after, as before, the defendant had entered into the consent rule. If on motion of the defendant, shewing the death of a lessor, before suit instituted, «such is the result, it is surely good cause of objection to a motion by plaintiff, for leave to add a new lessor, that it appears upon the plaintiff's own shewing, that such proposed lessor is dead, and therefore incapable of being a party.
• The lease is a fiction, invented and used under the direction and control of the court, to attain the ends of justice. The defendant is entitled to have a real lessor named in the demise which he is to defend, a real person responsible for costs. The time of the demise is a fiction, the time of the service of the declaration, and notice upon tbe premises, is the real time of the demise to which the court looks as the commencement of the suit; or if a lessor be added afterwards, (if in any case such an addition can be allowed,) whether by consent or otherwise, the suit as to such new party then commences. The party therefore, who is supposed to make the lease, must at the commencement of the suit, have a real existence and capacity to make the lease at that time; and a lease alleged, which turns out to be from a dead man, is a void lease, he has no capacity to lease nor to sue as plaintiff, nor to call the tenant to defence against him. So is th'é decision in Coleman vs. Mabberly, (3 Mon. 221.)
The court would have erred to have permitted Jones to be added as a party bad he been alive, and *125 it was an error to permit a dead man to be introduced as a new lessor, and as instituting' a suit in .his name. It was, therefore, no error not to permit Elliott, tlic real plaintiff, to recover in the name of ■Jones, whose person, capacities and rights, were dead, buried and festered in his grave, before the commencement of thé suit.
Denny, for appellant; Barry, for appellee-.
Judgment affirmed with costs.